[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} The plaintiff-appellant, Regina Stuckey, appeals from the order of the trial court instructing the Hamilton County Recorder's office to take no action with regard to her request to cancel the lien asserted by the defendant-appellant, Bankers Trust Company, on registered land certificate number 135710. In her single assignment of error, Stuckey argues that the trial court erred in recognizing the claim, which was not properly registered according to the requirements of R.C. 5309.72. For the following reasons, we overrule the assignment of error and affirm the order of the trial court.
{¶ 3} Stuckey does not dispute that she borrowed $187,000 from BNC Mortgage, Inc., to purchase the registered land. The mortgage was not recorded on the certificate of title, allegedly because Stuckey failed to deliver the certificate to the closing agent, Four Rivers Title, so that the mortgage could be noted as an encumbrance. Subsequently, on July 10, 1998, William Deas, Vice President of Four Rivers, attempted to record the mortgage by affidavit pursuant to R.C. 5309.72. Although it was required by the statute, the affidavit failed to set forth the nature of BNC's interest in the land, a postal address, and a designated place within the state at which all notices could be served. A second affidavit, however, was filed by Deas on August 7 of the same year, and this affidavit, as found by the trial court, was sufficient to comply with the statutory requirements. On August 21, 1998, Deas filed a "Proof of Service of Notice of Filing of Affidavit to Assert Lien on Registered Land," in the recorder's office, detailing the efforts undertaken to notify Stuckey of the asserted lien against her property. According to the affidavit, Deas sent Stuckey notice by registered letter, which was returned "unclaimed." Stuckey appears to have been personally served by the Hamilton County Sheriff on August 12, 1998.
{¶ 4} In March of 1998, a foreclosure action was brought against Stuckey. On June 10, 1999, BNC Mortgage, Inc., assigned Stuckey's mortgage to Bankers Trust Company, as trustee of the Amresco Residential Securities Corporation Loan Trust. Bankers Trust then filed its own affidavit in the recorder's office asserting its interest in the property. This affidavit met all the statutory requirements. After receiving notice of Bankers Trust's claim, however, Stuckey sent a letter of objection to the recorder's office. The primary basis of her objection was that the original July 10, 1998, filing of the mortgage by Deas was invalid, that "subsequent filings by [Deas] did not correct these defects," and that BNC, therefore, had nothing to assign to Bankers Trust. Additionally, Stuckey argued that the claim of Bankers Trust was invalid because counsel for Bankers Trust had served notice on her by certified mail rather than by registered mail, as required by R.C. 5309.73
{¶ 5} The trial court found that, despite the defects in Deas's first affidavit, the second Deas affidavit cured those defects and was "statutorily sufficient." The only defect that the court found was the notice served by Bankers Trust by certified rather than by registered mail. Observing that both forms of mail provided a method to verify delivery, the court found this defect to be "a mere technical irregularity" that did not affect the validity of Bankers Trust's claim. The court expressly relied upon R.C. 5309.87, which provides that "[n]o petition, order, affidavit, certificate, registration, or other proceeding under section 5309.02 to 5310.21, inclusive, of the Revised Code, shall be invalid by reason of any informality, mistake, or technical irregularity therein not affecting the substantial justice of the proceedings, or the substantial rights of any party in interest."
{¶ 6} Stuckey now argues that the trial court erred by failing to strictly enforce the registration requirements of Ohio's Torrens system. See Kincaid v. Yount (1983), 9 Ohio App.3d 145, 459 N.E.2d 235. We agree with the magistrate, however, who observed that the purpose of such a system is to elimate hidden liens for the protection of purchasers and "not the owner who knows that she borrowed a sum of money from BNC mortgage, knows that a foreclosure case was filed against her[,] and knows that she hired an attorney to represent her relative to the attempts of the assignee, Bankers Trust[,] to have the real estate sold at foreclosure sale."
{¶ 7} In short, we affirm the trial court court's determination that the defects in the original affidavit by Deas were corrected in the second, that the remaining affidavits were statutorily appropriate, and that the "technical irregularity" in the notice did not in any way affect Stuckey's substantial rights — rights that, contrary to what Stuckey may believe, did not include the right to renege on a $187,000 debt.
{¶ 8} The judgment of the trial court is affirmed.
{¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., HILDEBRANDT and GORMAN, JJ.